UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELANO HUTCHINSON, | Civil Action No. 22-00993 (KM) (MAH) |
| Plaintiff, | |
| v. | |
| BERGEN COUNTY SHERIFF'S OFFICE, et al., | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

Plaintiff Delano Hutchinson, a pre-trial detainee at Bergen County Jail (the "Jail") at the time of the relevant events,[1] seeks to commence a civil rights action stemming from an assault by a fellow inmate. I previously dismissed without prejudice an identical complaint for Plaintiff's failure to include a filing fee or *in forma pauperis* (IFP) application. (Docket No. 21-20229 at DE 2.) Plaintiff has now included a satisfactory IFP application.[2] (DE 1-3.) Accordingly, I will grant the IFP application and, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), permit the Complaint to proceed in part.

**I.   BACKGROUND**

For screening purposes only, I accept the Complaint's facts as true. Plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986 and the Fourth, Fifth, Eighth, and Fourteenth Amendments. He alleges the direct involvement of Bergen County Sheriff's Officer Santiago and complicity of the Bergen County Sheriff's Office, Bergen County Sheriff Cureton, Sheriff 's

---

[1] According to the NJDOC's inmate database, he has since been transferred to the Garden State Youth Correctional Facility.

[2] Plaintiff states that the administrators responsible for certifying his account statement are defendants here and that they "refuse to sign" the certification. Because the account statement and financial affidavit demonstrate financial need entitling him to IFP status, I find Plaintiff's application sufficient. *See Seals v. Hawkins Cty. Sheriff's Dep't*, No. 2:09-CV-207, 2011 WL 282401, at *1 (E.D. Tenn. Jan. 25, 2011) (granting IFP status despite missing account statement where plaintiff's efforts to obtain it were unsuccessful). Of course, if it were to turn out that the allegation of poverty was untrue, the Complaint could later be dismissed on that basis. 28 U.S.C.A. § 1915(e)(2)(A).

Officer Grella, Jail Warden Russo, the Bergen County Board of Commissioners, and various John and Jane Does.

On September 8, 2021, Plaintiff was using the phone when he was attacked by a fellow inmate, Aquellio Parker, with a knife. The knife had been smuggled into the facility in Parker's anus. The Jail has a machine that can detect concealed weapons, but the machine was not properly used to screen Parker before his entry. (DE 1 at 3.)

Sheriff's Officer Santiago knew Parker before Parker came to the Jail. (*Id.* at 4.) Upon entering South-2, Plaintiff's housing unit, Santiago and Parker had a private conversation, after which Santiago granted Parker's request to lock Parker in his cell for a few minutes so that Parker could retrieve the knife. (*Id.*) Then, with Santiago's assistance, Parker found Plaintiff and attacked him. (*Id.*)

Plaintiff, bleeding profusely, was able to escape to a cell and await an emergency response team. (*Id.*) Plaintiff was taken to a hospital, where he received 7 staples and 5 stitches to his head and face. (*Id.* at 5.) He was subsequently treated for brain bleeding. (*Id.*) The entire incident was on video. (*Id.* at 6, ¶ 16.)

The knife used in the attack vanished—according to Plaintiff, to cover up the incident. (*Id.*) Plaintiff filed numerous grievances but received no response. (*Id.*) Defendants Russo, Cureton, and Grella, despite "constructive knowledge" of the incident, "decided in concert to conceal" Santiago's actions. (*Id.*)

## II. DISCUSSION

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   **Plaintiff's claims**

The Complaint names three categories of Defendants: entities (the Board of Commissioners and the Sheriff's Office), supervisors (Cureton, Grella, and Russo), and those directly involved (Santiago and potentially John Does).

The entities first: Neither the Bergen County Board of Commissioners nor the Bergen County Sheriff's Office qualifies as a "person" subject to suit under § 1983. *Brandon v. Holt*, 469 U.S. 464, 472 (1985) (county department does not have an identity distinct from the county itself). Accordingly, I will dismiss the claims against them. The dismissal is with prejudice, because amendment would be futile.

Next, the supervisors: Sheriff Cureton, Officer Grella, and Warden Russo. Plaintiff alleges, in substance, that it was on their watch that Parker was able to smuggle a knife into the facility, and that they later covered up the attack.

Under § 1983, "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 129 S. Ct. at 676; *Harley v. Warren*, No. CV 13-7656, 2017 WL 4422412, at *3 (D.N.J. Oct. 4, 2017) (dismissing governor, commissioner, and director for lack of personal involvement). But there are generally two ways to hold a supervisor liable for deliberate indifference. The first is where the supervisor established a policy, custom, or practice that caused harm. *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316–19 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Failure to train, discipline, or supervise claims are generally considered a subcategory of policy or practice liability.

To state this type of claim, a plaintiff must demonstrate that: (1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). The "essence" of this type of claim "is that a state official, by virtue of his or her own deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment where there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur." *Barkes*, 766 F.3d at 319-20. In other words, deliberate indifference in this context requires "(i) showing that a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff['s] or (ii) by showing that the risk of

4

constitutionally cognizable harm was 'so great and so obvious that the risk and the failure of supervisory officials to respond will alone' support the finding that the two-part test is met." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 136 (3d Cir. 2001) (citing *Sample*, 885 F.2d at 1099).

Here, Plaintiff does not allege any pattern of past occurrences, or heightened risk of harm, sufficient to state a policy, custom, or practice claim. At most, Plaintiff alleges a single instance of negligent weapons screening by a John Doe officer. He does not allege any facts suggesting the knowledge (or involvement) of Cureton, Grella, and Russo.

The second category of supervisory liability requires personal participation. "A supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Barkes*, 766 F.3d at 316–19. But again, Plaintiff does not allege personal involvement in the attack.

Plaintiff does allege, however, that these supervisors denied or failed to act on subsequent grievances related to the attack. Actions taken (or not taken) in response to post-attack grievances are not sufficient to state a constitutional claim, however, because "there is no apparent obligation for prison officials to investigate prison grievances." *Paluch v. Sec'y Pennsylvania Dep't Corr.*, 442 F. App'x 690, 695 (3d Cir. 2011) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973); *Caldwell v. Beard,* No. 2:07–CV–727, 2008 WL 2887810, at *4 (W.D.Pa. July 23, 2008) ("Such a premise for liability [i.e., for performing a role in the grievance process] fails as a matter of law."), *aff'd,* 324 Fed.App'x. 186 (3d Cir. 2009); *Ricker v. Weston,* 27 Fed. App'x. 113, 119 (3d Cir. 2002) ("This decision not to discipline the officers does not amount to active involvement in appellees' injuries given that all of the injuries occurred before the decision."). Accordingly, I will dismiss these claims, albeit without prejudice.

Finally, I turn to Officer Santiago and the John/Jane Does. The gist of Plaintiff's allegations against Santiago is a failure-to-protect claim, which would usually arise under the Eighth Amendment. *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010). Generally, the Eighth Amendment requires prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial

5

risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. *Id.* at 834; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997).

For pretrial detainees (like Plaintiff), challenges to confinement conditions arise under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535–36 (1979). Under the Due Process Clause, "the proper inquiry is whether [the challenged] conditions amount to punishment of the detainee." *Id.* at 535. Thus, sentenced prisoners are protected from only punishment that is "cruel and unusual," while pretrial detainees are protected from any punishment. *See Hubbard v. Taylor,* 399 F.3d 150, 166–67 (3d Cir. 2005). In the context of a pretrial detainee's failure-to-protect claim, however, "…the state of mind requirement for prisoners' claims—"deliberate indifference"—applies also to pretrial detainees' claims." *Paulino v. Burlington Cty. Jail*, 438 F. App'x 106, 109 (3d Cir. 2011).

"Deliberate" is the key. In other words, "merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent." *Burton*, 401 F. App'x at 637 (citing*, County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). But when, for example, an officer *purposely* fails to secure an inmate's handcuffs, allowing that inmate to assault another inmate, a claim will be permitted to proceed. *See Dickson v. SCI-Greensburg*, No. 2:08-CV-01102, 2010 WL 4641550, at *5–6 (W.D. Pa. Nov. 8, 2010) (permitting claim to proceed against officer who failed to secure handcuffs and another officer who was "fully aware of the threats" made by the attacker against the plaintiff and "allowed and assisted" the inmate to attack plaintiff").

Here, Plaintiff alleges not negligence but active involvement. Allegedly, Sheriff's Officer Santiago privately conferred with Parker, whom he knew, brought him to South-2 where he should not have been housed, helped Parker to locate Plaintiff, and put Parker in a cell so that he could retrieve the knife that he then used to attack Plaintiff. (DE 1 at 3-4.) Those factual allegations suffice to state a deliberate indifference claim. Accordingly, I will permit that claim to proceed against defendant Santiago.

As to the John Doe officers, however, Plaintiff does not allege the requisite deliberate conduct. The complaint states that one or numerous unidentified Jail employees negligently failed to detect the knife hidden by Parker despite the presence of a detection machine. (DE 1 at

6, ¶ 13.) Assuming this to be true, as I must, a negligent failure to prevent an inmate attack is insufficient to establish an Eighth Amendment violation. *Davidson v. Cannon*, 474 U.S. 344, 345–49 (1986) (finding failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a violation of the Due Process Clause of the Fourteenth Amendment); *Bracey v. Pennsylvania Dep't of Corr.*, 571 F. App'x 75, 78–79 (3d Cir. 2014) (violation of prison policy "is insufficient by itself to support an argument for deliberate indifference") (quoting *Longoria v. Texas*, 473 F.3d 586, 593 n. 9 (5th Cir. 2006)). I will dismiss this claim on screening, without prejudice to amendment.

Finally, I note that Plaintiff briefly invokes 42 U.S.C. § 1985 and § 1986, both aimed at conspiracies to violate civil rights. (DE 1 at 1.) Plaintiff does not specify which subsection of § 1985 was allegedly violated, though from context it appears to be subsection (3), "depriving persons of rights or privileges."

The elements of a § 1985(3) claim are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted). Claims under this section, based on equal protection, must allege that "racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions." *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006)

To state a claim under § 1986, a plaintiff must show: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Clack v. Clabaugh,* 20 F.3d 1290, 1295 (3d Cir. 1994). Conspiracy allegations "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Sup.Ct. of N.J.,* 588 F.3d 180, 184 (3d Cir. 2009).

While Plaintiff has alleged facts suggesting a conspiracy between Santiago and Plaintiff's attacker, and more vaguely suggested that the supervisors together covered up Santiago's conduct, he has not alleged, *e.g.*, any racial or class-based discriminatory animus. Accordingly, I will also dismiss these claims without prejudice.

7

### III. CONCLUSION

For the above reasons, Plaintiff's IFP application will be GRANTED. After screening, the Complaint will be permitted to proceed in part as follows:

- The Section 1983 claim against Defendant Santiago based on deliberate indifference is not dismissed and may PROCEED;
- All other claims against Defendant Santiago are DISMISSED WITHOUT PREJUDICE;
- All claims against the Bergen County Sheriff's Office and Board of Commissioners are DISMISSED WITH PREJUDICE;
- The claims against Defendants Cureton, Grella, Russo, and John/Jane Does 1-10 are DISMISSED WITHOUT PREJUDICE;

In summary, the status after this ruling is that this action goes forward as a section 1983 action against Santiago. An appropriate order follows.

Dated: May 9, 2022

/s/ Kevin McNulty

_____
Kevin McNulty
United States District Judge